IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PAUL ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-105 |
| | ) | |
| EVERHOME MORTGAGE COMPANY, formerly doing business as Alliance Mortgage Company, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case on August 2, 2010, and requested permission to proceed *in forma pauperis* ("IFP"). The Court denied the IFP motion, and Plaintiff paid the $350.00 filing fee on September 21, 2010. Because he is proceeding *pro se*, the Court provided him with some basic instructions regarding the development and progression of this case. (Doc. no. 7.) In those instructions, the Court explained that Plaintiff is responsible for serving the defendant and explained how service could be accomplished. (Id.) Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), he had 120 days from the filing of the complaint to accomplish service, and that failure to accomplish service could result in dismissal of the entire case. (Id.)

After the 120 days allowed for service had elapsed, and there was no evidence in the record that the defendant had been served, the Court directed Plaintiff to show cause why his case should not be dismissed without prejudice for failure to effect service. (Doc. no. 8.)

Plaintiff did not respond to the Show Cause Order, and there is still no evidence in the record of the defendant having been served.

As the Court explained in its December 3, 2010 Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 8, p. 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).) Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). There is no evidence of either factor in this case. Furthermore, Plaintiff's failure to communicate with the Court regarding his inability to effect service of process upon the defendant is indicative of an abandonment of his case, rather than excusable neglect or any other reason to further extend the time for service.

The Court has warned Plaintiff on two separate occasions that failure to effect service upon the defendant would lead to dismissal of his case. (See doc. nos. 7, 8.) Fed. R. Civ. P. 4(m) directs that, should a plaintiff fail to timely effect service, the Court "shall dismiss the

action without prejudice." Accordingly, in the absence of *any* reason to further extend the time for service, it is appropriate to recommend the dismissal of Plaintiff's case. The Court therefore **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to timely effect service and that this civil action be **CLOSED**. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 11th day of January, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE